JUDGE PAULEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CV 5556

------------------------------------------------------------x

MARIO ABREU,

      Plaintiff,

  -against-

THE CITY OF NEW YORK, DETECTIVE CLAUDE
SUMLIN, shield #05629, DETECTIVE JOSEPH
ROSARIO, shield #03759, DETECTIVE GLENDA WAJER,
shield #07574, P.O. JANE/JOHN DOE, intended to be
Undercover Officer #76 and P.O. JANE/JOHN DOE,
intended to be Undercover Officer #19,

      Defendants.

CASE NO.

**COMPLAINT**

PLAINTIFF
DEMANDS
TRIAL BY JURY



------------------------------------------------------------x

PLAINTIFF MARIO ABREU, by his attorney ASHER & ASSOCIATES, P.C., for his COMPLAINT, alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

This is a civil rights action in which PLAINTIFF MARIO ABREU (hereinafter "ABREU") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. On or about July 18, 2009, at approximately 12:20 A.M., inside of 4105 Broadway, New York, New York, ABREU was arrested by Defendants, including, but not limited to, DETECTIVE CLAUDE SUMLIN, shield #05629, DETECTIVE JOSEPH ROSARIO, shield #03759, DETECTIVE GLENDA WAJER, shield #07574, P.O. JANE/JOHN DOE, Undercover Officer #76 and P.O. JANE/JOHN DOE, Undercover Officer #19 (hereinafter "Defendants"). It is alleged that ABREU was severely beaten by Defendants during the arrest and while in their custody. As a result of the excessive force used by Defendants, ABREU

suffered physical and mental injuries.

## II. JURISDICTION

1. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.

## III. PARTIES

2. ABREU at all times relevant hereto resided at 644 West 173rd Street, Apt. D6 New York, NY 10032.

3. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

4. Defendant DETECTIVE CLAUDE SUMLIN, shield #05629 (hereinafter "SUMLIN") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

5. Defendant DETECTIVE JOSEPH ROSARIO, shield #03759 (hereinafter "ROSARIO") was a NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

6. Defendant DETECTIVE GLENDA WAJER, shield #07574 (hereinafter "WAJER") was a NYPD police officer, and at all relevant times hereto, acted in that capacity as agent,

servant, and/or employee of Defendant CITY and within the scope of his employment.

7. Defendant P.O. JANE/JOHN DOE, Undercover Officer #76 (hereinafter "DOE #76") was a NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

8. Defendant P.O. JANE/JOHN DOE, Undercover Officer #19 (hereinafter "DOE #19") was a NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

9. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

10. On or about July 17, 2009, at approximately midnight, ABREU was in front of 644 West 173 Street, New York, New York, when he allegedly sold drugs to undercover officers #76 and #19.

11. On or about July 18, 2009, at approximately 12:20 a.m., defendants SUMLIN, ROSARIO and WAJER responded to premises 4105 Broadway, New York, New York.

12. They arrested and handcuffed ABREU.

13. During the arrest, the defendants SUMLIN and ROSARIO grabbed ABREU'S arms,

twisted them behind his back and threw ABREU against the soda counter.

14. Defendant WAJER failed to intervene and prevent the attack.

15. As a result of this attack, ABREU sustained a fracture of the left distal humerus.

16. ABREU was transported to Bellevue Hospital.

17. At Bellevue Hospital, he received treatment for his injuries, which included a fracture of the left distal humerus.

## V. CAUSE OF ACTION

### Pursuant to §1983 (EXCESSIVE FORCE)

18. Paragraphs 1 through 17 are hereby realleged and incorporated by reference herein.

19. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

20. That Defendants had no legal cause or reason to use excessive force in effectuating ABREU's arrest or after ABREU was arrested and in custody.

21. That Defendants violated ABREU's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

22. That at the time of the arrest or while in custody, ABREU did not pose a threat to the safety of the arresting officers.

23. That ABREU was not actively resisting arrest or attempting to evade arrest.

24. That defendant CITY, through its officers, agents, and employees, unlawfully subjected ABREU to excessive force while effectuating his arrest.

25. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

26. That by reason of Defendants' acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of ABREU's rights, subjected ABREU to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

27. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of ABREU's civil rights, including but not limited to the right to be free from the application of excessive force.

28. That upon information and belief, in 2009, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

29. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

30. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

31. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of ABREU's rights alleged herein.

32. By reason of the foregoing, ABREU suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other

psychological injuries. All of said injuries may be permanent.

## VI. INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, ABREU has suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, ABREU respectfully requests that judgment be entered:

1. Awarding ABREU compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding ABREU punitive damages in an amount to be determined by a jury;

3. Awarding ABREU interest from July 18, 2009 and

4. Awarding ABREU reasonable attorney's fees, costs and disbursements pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED:   New York, New York
         July 18, 2012

RYAN H. ASHER, ESQ. (8351)
ASHER & ASSOCIATES, P.C.
111 John Street, Suite 1200
New York, New York 10038
(212) 227-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

MARIO ABREU,

        Plaintiff,

                                                             CASE NO:

-against-


THE CITY OF NEW YORK, DETECTIVE CLAUDE
SUMLIN, shield #05629, DETECTIVE JOSEPH
ROSARIO, shield #03759, DETECTIVE GLENDA WAJER,
shield #07574, P.O. JANE/JOHN DOE, intended to be
Undercover Officer #76 and P.O. JANE/JOHN DOE,
intended to be Undercover Officer #19,

        Defendants.

---

## SUMMONS AND COMPLAINT

---

The Documents within are hereby certified pursuant to 22 N.Y.C.R.R. 130-1.1-a:

By: _____
Ryan H. Asher

**ASHER & ASSOCIATES, P.C.**
Attorneys for Plaintiff
111 John Street
Suite 1200
New York, New York 10038
(212) 227-5000